IN THE COUNTY COURT, IN AND FOR MARION COUNTY

STATE OF FLORIDA, CIVIL DIVISION.                                  Monday December 5, 2011

Mr. Parviz F. Nawab                                                CASE #: 11-2983-SC

100 N. W. 23 Rd. Ave. #2408

Ocala, Florida. 34475

      PLAINTIFF,

    V.

C T CORPORATION SYSTEM/L V N V FUNDING LLC

1200 SOUTH PINE ISLAND ROAD

PLANTATION, FLORIDA. 33324

      DEFENDANT.

[Signature: Joseph Walrond 2/15/12, Grant Walrond, 11:45, #14608]

## STATEMENT OF FACTS

Mr. Parviz F. Nawab, PLAINTIFF, is an individual livening in State of Florida.

L V N V Funding is a Limited Liability Partnership under the laws of the STATE of SOUTH CAROLINA.

COUNTS

### Count One:

As is PLAINTIFF's lawful right in accordance with the Fair Debt Collection Practices Act (FDCPA), PLAINTIFF sent via United States Postal Service Certified Return Receipt, a letter requesting formal debt Validation. This letter was sent on October 03, 2011 and signed for by DEFFENDANT'S office on October 06, 2011 well within the 30 day period expressly provided by the FDCPA. (Exhibit A) Validation sent to DEFENDANT) (Exhibit B proof of delivery to DEFENDANT.)

### Count Two:

DEFENDANT failed to respond with any type of requested validation.

### Count Three;

On Thursday November 03, 2011, in a good faith effort to allow DEFENDANT ample opportunity to Validate the alleged debt, sent a second letter via Certified Mail with Return Receipt Requested, which was signed for by the DEFENDANT on November 07, 2011.(Exhibit C letter sent to DEFENDANT)( Exhibit D proof of delivery to the DEFENDANT.)

### Count Four;

DEFENDANT AGAIN FAILED To Respond.

### Violations of the Fair Debt Collection Practices Acts

1) On numerous occasions, in connection with the collection of debts, DEFENDANT has communicated with third parties for purposes other than acquiring location information about the PLAINTIFF, without the prior consent of the PLAINTIFF given directly to the debt collector, or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. &1692c (b).

2) On numerous occasions, in connection with the collection of debts, DEFENDANT has communicated with the PLAINTIFF after the PLAINTIFF has notified DEFENDANT in writing that the PLAINTIFF refuses to pay a debt or that the PLAINTIFF wishes the debt collector to CEASE further communication with the PLAINTIFF, in violation of Section 805(c) of the FDCPA, 15 U.S.C. & 1692c(c).

3) On numerous occasions, in connection with the collection of debts, DEFENDANT has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the PLAINTIFF, in violation of Section 806 of the FDCPA, 15 U.S.C. & 1692d, including but not limited to the following:

   a) using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. &1692d(2); or

   b) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continually with the intent to annoy, abuse, or harass any person at the called number, in violation of the Section 806(5) of the FDCPA, 15 U.S.C. & 1692d(5).

4) On numerous occasions, in connection with the collection of a debt, DEFENDANT has used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. &1692e, including but not limited to the following:

   a) Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2) (a) of the FDCPA, 15 U.S.C. &1692e (2) (a);

   b) Falsely representing or implying that any individual is an attorney or that a communication is from an attorney, in violation of the Section 807(3) of the FDCPA, 15 U.S.C. & 1692e(3);

c) Representing that nonpayment of any debt will result in the arrest or imprisonment of the PLAINTIFF or the seizure, garnishment, attachment, or sale of any property or wages of the PLAINTIFF unless such action is lawful and the debt collector or creditor intends to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. &1692e (4);

d) Threaten to take any action that cannot legally be taken or that is not intended to be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. & 1692e (5);

e) Threaten to communicate to any person credit information that DEFENDANT knows or should have known to be false, in violation of the Section 807(8) of the FDCPA, 15 U.S.C. &1692e(8); or

f) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the PLAINTIFF, in violation of Section 807(10) of the FDCPA, 15 U.S.C. & 1692e(10).

5) On numerous occasions, in connection with the collection of a debt, PLAINTIFF has notified DEFENDANT in writing within the thirty(30) day period described in Section 809(a) of the FDCPA, 15 U.S.C. &1692g(a), that the debt, or any portion thereof, is disputed, DEFENDANT has continued to attempt to collect the debt before verification of the debt was provided to PLAINTIFF, in violation of Section 809(b) of the FDCPA, 15 U.S.C. &1692g(b).

### CIVIL PENALTIES FOR VIOLATION OF THE FDCPA

6) DEFENDANT has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(a) of the FTC act, 15 U.S.C. & 45(m)(1)(a).

7) Each instance within several years preceding the filling of this complaint, in which DEFENDANT has failed to comply with the FDCPA in one or more of the ways describe above, constitute a separate violation for which PLAINTIFF seeks monetary civil penalties.

8) Section 5(m) (1) (a) of the FTC act, 15 U.S.C. & 45(m) (1) (a), authorizes the court award monetary civil penalties of $11000 for each violation of the FDCPA.

9) Because of DEFENDANT'S blatant disregard for PLANTIFF'S rights as allowed by the FDCPA, and FCRA, PLAINTIFF has been denied the ability to obtain a job and a mortgage.

WHEREFORE PLAINTIFF prays for the following relief:

Plaintiff requests judgment of $5000 plus permanent removal of all DEFENDANT'S collection account trade lines from PLAINTIFF'S files with the four National Credit Reporting Agencies (Equifax, Experian, TransUnion and Innovis).

PLAINTIFF further prays for the following relief: _

For award of court costs and incurred herein.

For pre-Judgment and post Judgment interest.

For such other and further relief deemed just by the court.

Mr. Parviz F. Nawab                                           Thursday   November 3, 2011

100 N. W. 23 Rd. Ave. #2408

Ocala, Florida 34475


LVNV FUNDING LLC                    CASE NO: 11-2983-SC

                                    Second Request

C/O CT CORPORATION SYSTEM

1200 SOUTH PINE ISLAND ROAD

PLANTATION, FLORIDA 33324


Account #: 371 540 428 44X XXX


Dear Sir/ Madam;

I am sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA), and I am again requesting Validation of this debt. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation binding on me to pay this debt.

To refresh your memory on what constitute legal validation, I am giving a list of the required documentations:

(A). Agreement that bears my signature on the alleged debt wherein I agreed to pay

   The Original Creditor;

(B). Complete payment history, the requirement of which has been established via

   Spears V. Brennan    745  N. E. 2d    862; 2001;

(C). Letter of sale or assignment from the Original Creditor to your company

   (Agreement with your client that grants you the authority to collect on this alleged debt);

   Coppola  V.  Arrow Financial Services, 302 CV 577, 2002 WL 32173704(D. CONN., Oct. 29, 2002)-

Information relating to the purchase of a Bad Debt is not proprietary or burdensome;

(D). the source of a debt and the amount a Bad Debt buyer paid for the alleged debt;

(E). How amount sought was calculated;

(F). Where in issue a list of reports to Credit Bureaus;

(G). Documents conferring authority on the alleged debt to collect; and

(H). Intimate knowledge of the creation of the alleged debt by you, the Collection Agency.

This is my second request for Debt Validation_ my first request, sent within 30 days of your initial contact, and has gone unanswered.

Proper Debt Validation is met with the production of the above document. I recognize that no one likes court or protracted, costly legal battles. To expedite the resolution of this matter and get it off of my Credit Report, I am extending another 30 days for you to make available those above documents. I think 60 days is more than ample an opportunity. I request that you stop contacting me on the telephone and restrict your contact with me to writing, and only when you can provide proper and adequate Validation of this alleged debt. You are not allowed to pursue collection activity, under FDCPA section 809(b), until the debt is validated. You should also be aware that reporting such invalidated information to major Credit Bureaus might constitute defamation of character, as the negative marks on my Credit Report harm my credit and prevent me from enjoying all the benefits of good credit. I'm sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other State or Federal agencies

Under the FCRA and the FDCPA, each violation is subject to a $2000.00 fine, payable to me. Please note that the information I have obtained from the Credit Agencies clearly states the date of last activity by the Original Creditor is reported to be of March 1999. The Statute of Limitation (SOL) on this alleged debt, even should it be mine, is 5 years in the State of Florida and REAGING an account is a serious violation of FDCPA and Florida Statutes.

I would like to point out that your firm has violated provisions of the (FDCPA) in several instances including but not limited to the following respect:

BY USING DECEPTIVE OR MISLEADING REPRESENTATION FOR COLLECTION OF THE ALLEGED

DEBT AND THEREFORE VIOLATING 15 USC 1692e.

The FDCPA prohibits any collection activity without the notification to the consumer. This is not a refusal to pay, but a SECOND request that your claim is DISPUTED. In addition, according to Florida Statutes

, Collection Agencies must be licensed in the State of Florida. I have checked to see if you have a registered agency here in the State of Florida and you have not, so YOU ARE PRACTICING ILLEGALLY in

the State of Florida. While I prefer NOT TO LITIGATE, I will use the court as needed to enforce my rights under the FCRA and FDCPA.

In the event that you CAN NOT VALIDATE and VERIFY the item pursuant to the FCRA and FDCPA, and you continue to report and list the disputed item on my credit I will find it necessary to sue you for actual damages and declaratory relief under the FCRA and FDCPA. According to this regulation, I may sue you in any qualified State or Federal court, including in the Circuit Court in my area.

And finally, I have previously sent you a request to VALIDATE my debt on Monday October 3, 2011 by a certified mail, return receipt request and you signed it on OCTOBER 05, 2011. A courtesy copy is enclosed. This second request also will be mailed certified, return receipt requested on Thursday NOVEMBER 3, 2011 # 7011 1570 0001 4207 0134. I believe I will wait till Saturday Dec 03, 2011 for you to respond to Debt Validation and Verification. Please use your time wisely and return to me with your reply the following questions concerning account # 371 540 428 44X XXX

(1). ORIGINAL CREDITOR'S NAME: _____ ;

(2). NAME OF DEBTOR: _____ ;

(3). ADDRESS OF DEBTOR: _____ ;

(4). BALANCE OF ACCOUNT: _____ ;

(5). INTEREST RATE CHARGED: _%_____ ;

(6). DATE YOU ACQUIRED THIS DEBT: _____ ;

(7). THIS DEBT WAS: ASSIGNED: _____ PURCHASED: _____
_____ ;

Please Indicate any Credit Bureaus to which you have reported NEGATIVE MARKS:

EXPERIAN: _____

EQUIFAX: _____

TRANSUNION: _____


Sincerely yours,

*[signature]*

Mr. Parviz F. Nawab

CC: Return Receipt Dated October 05, 2011